

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CARLOS HARRIS,

                Petitioner - Appellant,

    v.

RAUL LOPEZ, Warden,

                Respondent - Appellee.

No. 13-15067

D.C. No. 4:11-cv-00533-PJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted June 12, 2014[**]
San Francisco, California

Before: SCHROEDER, GRABER, and BYBEE, Circuit Judges.

Petitioner Carlos Harris appeals the district court's denial of his habeas

petition. The district court rejected Harris's claim that the presence on his jury of a

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

former schoolteacher with whom he had had problems decades before violated his Sixth and Fourteenth Amendment rights to an impartial jury in 2005. We affirm.

In the absence of a showing of cause and prejudice, a federal habeas court will not review a claim rejected by the state court on the basis of an independent and adequate state procedural rule. *Walker v. Martin*, 131 S. Ct. 1120, 1127 (2011). Harris cannot demonstrate prejudice because he cannot show that Juror No. 8 was actually or impliedly biased. *See United States v. Gonzalez*, 214 F.3d 1109, 1111–12 (9th Cir. 2000). Actual bias is "bias in fact—the existence of a state of mind that leads to an inference that the person will not act with entire impartiality." *Id.* at 1112 (internal quotation marks omitted). Implied bias exists in "extreme situations where the relationship between a prospective juror and some aspect of the litigation is such that it is highly unlikely that the average person could remain impartial in his deliberations under the circumstances." *Tinsley v. Borg*, 895 F.2d 520, 527 (9th Cir. 1990) (internal quotation marks omitted).

The district court did not err in holding that Harris failed to show that Juror No. 8 was actually or impliedly biased. There was no evidence of either. Indeed, Juror No. 8 told Harris's investigator that although she recalled performing jury duty in 2005, she had no recollection of Harris from the trial or from school.

**AFFIRMED**.